JS 44 (Rev. 06/17)

**CIVIL COVER SHEET**

5:18-CV-657

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS

Maritza Orengo and Edwin Orengo
3606 Wyoming Ride South, Sinking Spring, PA 19608

**(b)** County of Residence of First Listed Plaintiff   Berks
*(EXCEPT IN U.S. PLAINTIFF CASES)*

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*

Michael P. Malvey, Esq., Galfand Berger LLP
1835 Market Street, Ste. 2710, Philadelphia, PA   (215)665-1600

## DEFENDANTS

Speedway LLC                                    18        657

County of Residence of First Listed Defendant   Enon, OH
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF
THE TRACT OF LAND INVOLVED.

Attorneys *(If Known)*

Michael T. Droogan, Jr., Esquire, Law Offices of Cullen and Conwell, LLC, 140 East Main Street, DD: (215) 280-3489

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

☐ 1   U.S. Government
Plaintiff

☐ 2   U.S. Government
Defendant

☐ 3   Federal Question
*(U.S. Government Not a Party)*

☒ 4   Diversity
*(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff*
*(For Diversity Cases Only)*                          *and One Box for Defendant)*

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 376 Qui Tam (31 USC 3729(a)) |
| ☐ 130 Miller Act | ☐ 315 Airplane Product | Product Liability | | | ☐ 400 State Reapportionment |
| ☐ 140 Negotiable Instrument | Liability | ☐ 367 Health Care/ | | **PROPERTY RIGHTS** | ☐ 410 Antitrust |
| ☐ 150 Recovery of Overpayment | ☐ 320 Assault, Libel & | Pharmaceutical | | ☐ 820 Copyrights | ☐ 430 Banks and Banking |
| & Enforcement of Judgment | Slander | Personal Injury | | ☐ 830 Patent | ☐ 450 Commerce |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' | Product Liability | | ☐ 835 Patent - Abbreviated | ☐ 460 Deportation |
| ☐ 152 Recovery of Defaulted | Liability | ☐ 368 Asbestos Personal | | New Drug Application | ☐ 470 Racketeer Influenced and |
| Student Loans | ☐ 340 Marine | Injury Product | | ☐ 840 Trademark | Corrupt Organizations |
| (Excludes Veterans) | ☐ 345 Marine Product | Liability | | | ☐ 480 Consumer Credit |
| ☐ 153 Recovery of Overpayment | Liability | **PERSONAL PROPERTY** | **LABOR** | **SOCIAL SECURITY** | ☐ 490 Cable/Sat TV |
| of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 370 Other Fraud | ☐ 710 Fair Labor Standards | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/ |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle | ☐ 371 Truth in Lending | Act | ☐ 862 Black Lung (923) | Exchange |
| ☐ 190 Other Contract | Product Liability | ☐ 380 Other Personal | ☐ 720 Labor/Management | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| ☒ 195 Contract Product Liability | ☒ 360 Other Personal | Property Damage | Relations | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| ☐ 196 Franchise | Injury | ☐ 385 Property Damage | ☐ 740 Railway Labor Act | ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters |
| | ☐ 362 Personal Injury - | Product Liability | ☐ 751 Family and Medical | | ☐ 895 Freedom of Information |
| | Medical Malpractice | | Leave Act | | Act |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 790 Other Labor Litigation | **FEDERAL TAX SUITS** | ☐ 896 Arbitration |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | **Habeas Corpus:** | ☐ 791 Employee Retirement | ☐ 870 Taxes (U.S. Plaintiff | ☐ 899 Administrative Procedure |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | Income Security Act | or Defendant) | Act/Review or Appeal of |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 510 Motions to Vacate | | ☐ 871 IRS—Third Party | Agency Decision |
| ☐ 240 Torts to Land | ☐ 443 Housing/ | Sentence | | 26 USC 7609 | ☐ 950 Constitutionality of |
| ☐ 245 Tort Product Liability | Accommodations | ☐ 530 General | | | State Statutes |
| ☐ 290 All Other Real Property | ☐ 445 Amer. w/Disabilities - | ☐ 535 Death Penalty | **IMMIGRATION** | | |
| | Employment | **Other:** | ☐ 462 Naturalization Application | | |
| | ☐ 446 Amer. w/Disabilities - | ☐ 540 Mandamus & Other | ☐ 465 Other Immigration | | |
| | Other | ☐ 550 Civil Rights | Actions | | |
| | ☐ 448 Education | ☐ 555 Prison Condition | | | |
| | | ☐ 560 Civil Detainee - | | | |
| | | Conditions of | | | |
| | | Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

☐ 1   Original
Proceeding

☒ 2   Removed from
State Court

☐ 3   Remanded from
Appellate Court

☐ 4   Reinstated or
Reopened

☐ 5   Transferred from
Another District
*(specify)*

☐ 6   Multidistrict
Litigation -
Transfer

☐ 8   Multidistrict
Litigation -
Direct File

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
28 U.S.C. Sections 1332 and 1441

Brief description of cause:

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A CLASS ACTION
UNDER RULE 23, F.R.Cv.P.

DEMAND $ Excess of $50,000   CHECK YES only if demanded in complaint:
JURY DEMAND:   ☒ Yes   ☐ No

## VIII. RELATED CASE(S) IF ANY

*(See instructions):*

JUDGE _____   DOCKET NUMBER _____

DATE   2/14/18

SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT # _____   AMOUNT _____   APPLYING IFP _____   JUDGE _____   MAG. JUDGE _____

FEB 14 2018

JS 44 Reverse (Rev. 06/17)

## INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET FORM JS 44

Authority For Civil Cover Sheet

The JS 44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleading or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently, a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. The attorney filing a case should complete the form as follows:

I.(a) **Plaintiffs-Defendants.** Enter names (last, first, middle initial) of plaintiff and defendant. If the plaintiff or defendant is a government agency, use only the full name or standard abbreviations. If the plaintiff or defendant is an official within a government agency, identify first the agency and then the official, giving both name and title.

(b) **County of Residence.** For each civil case filed, except U.S. plaintiff cases, enter the name of the county where the first listed plaintiff resides at the time of filing. In U.S. plaintiff cases, enter the name of the county in which the first listed defendant resides at the time of filing. (NOTE: In land condemnation cases, the county of residence of the "defendant" is the location of the tract of land involved.)

(c) **Attorneys.** Enter the firm name, address, telephone number, and attorney of record. If there are several attorneys, list them on an attachment, noting in this section "(see attachment)".

II. **Jurisdiction.** The basis of jurisdiction is set forth under Rule 8(a), F.R.Cv.P., which requires that jurisdictions be shown in pleadings. Place an "X" in one of the boxes. If there is more than one basis of jurisdiction, precedence is given in the order shown below.
United States plaintiff. (1) Jurisdiction based on 28 U.S.C. 1345 and 1348. Suits by agencies and officers of the United States are included here.
United States defendant. (2) When the plaintiff is suing the United States, its officers or agencies, place an "X" in this box.
Federal question. (3) This refers to suits under 28 U.S.C. 1331, where jurisdiction arises under the Constitution of the United States, an amendment to the Constitution, an act of Congress or a treaty of the United States. In cases where the U.S. is a party, the U.S. plaintiff or defendant code takes precedence, and box 1 or 2 should be marked.
Diversity of citizenship. (4) This refers to suits under 28 U.S.C. 1332, where parties are citizens of different states. When Box 4 is checked, the citizenship of the different parties must be checked. (See Section III below; **NOTE: federal question actions take precedence over diversity cases.**)

III. **Residence (citizenship) of Principal Parties.** This section of the JS 44 is to be completed if diversity of citizenship was indicated above. Mark this section for each principal party.

IV. **Nature of Suit.** Place an "X" in the appropriate box. If there are multiple nature of suit codes associated with the case, pick the nature of suit code that is most applicable. Click here for: Nature of Suit Code Descriptions.

V. **Origin.** Place an "X" in one of the seven boxes.
Original Proceedings. (1) Cases which originate in the United States district courts.
Removed from State Court. (2) Proceedings initiated in state courts may be removed to the district courts under Title 28 U.S.C., Section 1441. When the petition for removal is granted, check this box.
Remanded from Appellate Court. (3) Check this box for cases remanded to the district court for further action. Use the date of remand as the filing date.
Reinstated or Reopened. (4) Check this box for cases reinstated or reopened in the district court. Use the reopening date as the filing date.
Transferred from Another District. (5) For cases transferred under Title 28 U.S.C. Section 1404(a). Do not use this for within district transfers or multidistrict litigation transfers.
Multidistrict Litigation – Transfer. (6) Check this box when a multidistrict case is transferred into the district under authority of Title 28 U.S.C. Section 1407.
Multidistrict Litigation – Direct File. (8) Check this box when a multidistrict case is filed in the same district as the Master MDL docket.
**PLEASE NOTE THAT THERE IS NOT AN ORIGIN CODE 7.** Origin Code 7 was used for historical records and is no longer relevant due to changes in statue.

VI. **Cause of Action.** Report the civil statute directly related to the cause of action and give a brief description of the cause. **Do not cite jurisdictional statutes unless diversity.** Example: U.S. Civil Statute: 47 USC 553 Brief Description: Unauthorized reception of cable service

VII. **Requested in Complaint.** Class Action. Place an "X" in this box if you are filing a class action under Rule 23, F.R.Cv.P.
Demand. In this space enter the actual dollar amount being demanded or indicate other demand, such as a preliminary injunction.
Jury Demand. Check the appropriate box to indicate whether or not a jury is being demanded.

VIII. **Related Cases.** This section of the JS 44 is used to reference related pending cases, if any. If there are related pending cases, insert the docket numbers and the corresponding judge names for such cases.

**Date and Attorney Signature.** Date and sign the civil cover sheet.

FEB 14 2018

## UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF PENNSYLVANIA — DESIGNATION FORM to be used by counsel to indicate the category of the case for the purpose of assignment to appropriate calendar.

Address of Plaintiff:    Maritza Orengo and Edwin Orengo, 3606 Wyoming Ride South, Sinking Spring, PA 19608

Address of Defendant:    Speedway LLC, 500 Speedway Drive, Enon, OH 45323                    **18    657**

Place of Accident, Incident, or Transaction:    154 Shillington Road, Sinking Spring, PS 19608
*(Use Reverse Side for Additional Space)*

Does this civil action involve a nongovernmental corporate party with any parent corporation and any publicly held corporation owning 10% or more of its stock?
    (Attach two copies of the Disclosure Statement Form in accordance with Fed.R.Civ.P. 7.1(a).)                    Yes ■    No ☐

Does this case involve multidistrict litigation possibilities?                                    Yes ☐    No ☐

RELATED CASE, IF ANY

Case Number: _____    Judge: _____    Date Terminated: _____

Civil cases are deemed related when "yes" is answered to any of the following questions:

1.  Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?                    Yes ☐    No ■

2.  Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?                    Yes ☐    No ■

3.  Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action in this court?                    Yes ☐    No ■

CIVIL: (Place ⊠ in ONE CATEGORY ONLY)

A.  *Federal Question Cases:*
1.  ☐ Indemnity Contract, Marine Contract, and All Other Contracts
2.  ☐ FELA
3.  ☐ Jones Act—Personal Injury
4.  ☐ Antitrust
5.  ☐ Patent
6.  ☐ Labor-Management Relations
7.  ☐ Civil Rights
8.  ☐ Habeas Corpus
9.  ☐ Securities Act(s) Cases
10. ☐ Social Security Review Cases
11. ☐ All other Federal Question Cases
    (Please specify_____)

B.  *Diversity Jurisdiction Cases:*
1.  ☐ Insurance Contract and Other Contracts
2.  ☐ Airplane Personal Injury
3.  ☐ Assault, Defamation
4.  ☐ Marine Personal Injury
5.  ☐ Motor Vehicle Personal Injury
6.  ■ Other Personal Injury (Please specify): **Premises Liability**
7.  ☐ Products Liability
8.  ☐ Products Liability—Asbestos
9.  ☐ All other Diversity Cases (Please specify:_____)

## ARBITRATION CERTIFICATION
*(Check appropriate category)*

I, Michael T. Droogan, Jr., Esquire _____ counsel of record, do hereby certify:

■ Pursuant to Local Civil Rule 53.2, Section 3(a)(2), that, to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000 exclusive of interest and cost;
☐ Relief other than monetary damages is sought.

DATE: 2/14/18        Michael T. Droogan, Jr., Esquire        55973
                    Attorney-at-Law                    Attorney I.D.#

**NOTE:** A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

I certify that, to my knowledge, the within case is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: 2/14/18        Michael T. Droogan, Jr., Esquire        55973
                    Attorney-at-Law                    Attorney I.D.#

FEB 14 2018

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

CASE MANAGEMENT TRACK DESIGNATION FORM

MARITZA ORENGO and EDWIN ORENGO        :

    v.        :        No.

                                             18        657

SPEEDWAY LLC, SPEEDWAY #6772, HESS RETAIL        :
STORES LLC, and HESS RETAIL OPERATIONS LLC        :

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.) In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a case management track designation form specifying the track to which that defendant believes the case should be assigned.

**SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:**

    (a)      Habeas Corpus — Cases brought under 28 U.S.C. §2241
             through §2255.                                    ( )

    (b)      Social Security — Cases requesting review of a decision of the
             Secretary of Health and Human Services denying plaintiff
             Social Security Benefits.                      ( )

    (c)      Arbitration — Cases required to be designated for arbitration
             under Local Civil Rule 8.                    ( )

    (d)      Asbestos — Cases involving claims for personal injury or
             property damage from exposure to asbestos.      ( )

    (e)      Special Management — Cases that do not fall into tracks (a)
             through (d) that are commonly referred to as complex and that
             need special or intense management by the court. (See reverse
             side of this form for a detailed explanation of special
             management cases.)                    ( )

    (f)      Standard Management — Cases that do not fall into any one
             of the other tracks.                         ( ✓ )

2/14/18
(Date)

Attorney-at-Law
Michael T. Droogan, Jr., Esq.
Attorney for Defendant,
Speedway LLC

(Civ. 660)

FEB 14 2018

# LAW OFFICES OF CULLEN & CONWELL, LLC

### ATTORNEYS AND COUNSELORS AT LAW

**40 EAST MAIN STREET**
**NORRISTOWN, PA 19401**
**TELEPHONE (610) 275-2110**
**FACSIMILE   (610) 275-2331**

**Michael T. Droogan, Jr.**
**E-Mail:** thedroogs@comcast.net
**Direct Dial:** (215) 280-3489

February 13, 2018

18    657

## *VIA HAND DELIVERY*

Kate Barkman, Clerk of Court
United States District Court for the
 Eastern District of Pennsylvania
US Courthouse, Rm. 2609
601 Market Street
Philadelphia, PA  19106-1767

> **Re:**   ***Maritza Orengo and Edwin Orengo v. Speedway LLC, Speedway #6772,***
> ***Hess Retail Stores, LLC and Hess Retail Operations LLC***
> **Docket No.:** *to be assigned*
> **Our File No.:  3589-244**

Dear Ms. Barkman:

Enclosed please find the original and one copy of defendants', Speedway LLC (incorrectly identified as Speedway, LLC and Speedway #6772) (and as successor by merger with Hess Retail Operations, LLC and Hess Retail Stores, LLC), Notice of Removal, along with its Rule 7.1 Disclosure and a computer disk containing same in .pdf format.  Kindly file the originals and return a time-stamped, certified copy in the self-addressed, stamped envelope provided.

Please note, my signature validation form is already on file with the United States District Court for the Eastern District of Pennsylvania.

Also enclosed is the filing fee of $411.00.

Thank you for your courtesies.

Respectfully submitted,

MICHAEL T. DROOGAN, JR.

MTD/
Enclosures
cc w/enc. *(via e-mail)*:Michael P. Malvey, Esquire



IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

MARITZA ORENGO and EDWIN ORENGO   :
                                    :     18      657
        v.                          :
                                    :     No.
SPEEDWAY LLC, SPEEDWAY #6772, HESS  :
RETAIL STORES LLC, and HESS RETAIL  :
OPERATIONS LLC                      :

**NOTICE OF REMOVAL**

TO THE HONORABLE JUDGES OF THE SAID DISTRICT COURT OF THE UNITED STATES:

The Petitioner, Speedway LLC (incorrectly identified as Speedway, LLC and Speedway #6772) (and as successor by merger with Hess Retail Operations, LLC and Hess Retail Stores, LLC) (herein: "Speedway"), respectfully represents:

1.      This Civil Action was commenced in the Court of Common Pleas of Philadelphia County, Pennsylvania, wherein Maritza Orengo and Edwin Orengo are the plaintiffs and Speedway LLC is the defendant.   The action is captioned Philadelphia County Court of Common Pleas, January Term, 2017, No. 000261.  Plaintiffs commenced this action by a Civil Action Complaint on January 3, 2018.   (A copy of said Complaint is incorporated herein by reference and attached hereto as Exhibit "A.")

2.      Respondents, Maritza Orengo and Edwin Orengo, are adult individuals residing at 3606 Wyoming Ride South, Sinking Spring Pennsylvania, 19608.

3.      In the caption of their Complaint, plaintiffs named the following defendants: Speedway LLC, Speedway #6772, Hess Retail Stores, LLC, Hess Retail Operations, LLC. *Id.* at p.1.

4.      The Petitioner, Speedway, is a citizen of the States of Delaware and Ohio, by virtue of being a limited liability company organized and existing under the laws of the State of Delaware, and having its principal place of business in the State of Ohio. The Petitioners sole member is MPC

Investment LLC, a limited liability company organized and existing under the laws of the State of Delaware, and having its principal place of business in the State of Ohio. MPC Investment LLC has as its sole member Marathon Petroleum Corporation, which is a corporation organized and existing under the laws of the State of Delaware, and having its principal place of business in the State of Ohio.

5.  Only Speedway LLC is the proper defendant, as it owned and operated the subject convenience store on the on January 31, 2016.

6.  Hess Retail Operations LLC and Hess Retail Stores LLC were merged into Speedway LLC on October 1, 2015 and are no longer viable entities. Prior to that each was a Delaware Limited Liability Company, with a principal place of business in Ohio.

7.  Speedway #6772, is a fictitious name registered by Speedway LLC. It, too, is not a viable entity.

8.  The Respondents are citizens and residents of the Commonwealth of Pennsylvania.

9.  Since the Petitioner and the Respondents are citizens of different states, they are deemed diverse with respect to the instant Petition and the prerequisites of under 28 U.S.C. ' 1332(a) and (c).

10.  Respondent alleges in her Complaint that on January 31, 2016, she slipped and fell at a Speedway convenience store located at 154 Shillington Road, Sinking Spring, Pennsylvania, which Respondent claims is owned and operated by the defendant, Speedway. *See* Exhibit "A."

11.  Throughout their Complaint, Respondents allege Speedway operated a convenience store located at 154 Shillington Road, Sinking Spring, Pennsylvania. *Id.*

12.     Petitioner, Speedway, admits it owns the property on which the convenience store is located at 154 Shillington Road, Sinking Spring, Pennsylvania, and it further admits it operates the subject convenience store.

13.     Respondent's Complaint alleges the following with respect to the amount in controversy:

- • . . . Plaintiff Maritza Orengo sustained disabling, painful, and permanent personal injuries including but not limited to:

- • . . . Physical injuries to her body, including serious injuries to her left knee, lower back and buttocks, including an acute comminuted fracture of the distal lateral metaphyseal region of the left femur; hairline fracture about the knee; aggravation and new injury to left knee and prior total knee replacement; bulging of the disc at L5-S1; left posterolateral herniation of the L4-L5; pain and discomfort to the lower back; pain and discomfort to the left lateral hip, loss of strength, loss of motion and other injuries to her body, the full extent of which are not yet known, some or all of which may be permanent in nature;

- • . . . Great pain, suffering, and loss of enjoyment of life's pleasures, past and future, emotional upset, mental anguish, humiliation, embarrassment, and a loss of well-being;

- • . . . Hospital, medical and rehabilitative expenses, past and future; and

- • . . . Loss of earnings and earning capacity, past and future.

14.     In light of the foregoing allegations, if Respondents are able to establish the Petitioner is liable for Respondent's damages, it appears that Respondent's damages may exceed the statutory threshold of $75,000.

15.     A notice of removal may assert the amount in controversy if the initial pleading seeks "a money judgment, but the State practice . . . permits recovery of damages in excess of the amount demanded" and the district court finds that the amount in controversy is more likely than not above $75,000.  *See* 28 U.S.C. §1446(c)(2)(A)-(B); *see also Gafford v. Gen. Elec. Co.*, 997 F.2d 150, 158 (6th Cir. 1993), abrogated on other grounds, *Hertz Corp. v. Friend*, 130 S. Ct. 1181 (2010).

16.     Based on the averments contained in the complaint it cannot be shown to a legal certainty that the jurisdictional amount cannot be recovered; thus, diversity jurisdiction exists.  In *Frederico v. Home Depot*, 507 F.3d 188, 195 – 197 (3rd Cir. 2007), the complaint was filed in state court and removed to federal court.  The complaint did not state an exact sum sought.  *Id.* at 197. The Third Circuit explained that where the plaintiff limits her claim to avoid federal jurisdiction, "the party wishing to establish subject jurisdiction has the burden to prove to a legal certainty that the amount in controversy exceeds the statutory threshold."  *Id.* at 195.  However, where the complaint does not specifically aver that the amount in controversy is less than the jurisdictional minimum, "the challenger to subject matter jurisdiction had to prove to a legal certainty, that the amount in controversy could not exceed the statutory threshold."  *Id.* at *195 – 198.  (Emphasis in original).  *See also, Denicola v. Progressive Direct Insurance Company*, 2009 WL 1684640 (M.D. Pa) (Denying motion for remand, stating that where the complaint does not limit the amount in controversy below the jurisdictional threshold, the case may only be remanded if it appears to a legal certainty that the plaintiff cannot recover more than the jurisdictional amount of $75,000).

17.     The Petitioner was served with Respondents' Complaint on January 16, 2018.  Thus, Removal is timely.

18.     The prerequisites for removal under 28 U.S.C. ' 1332(a) (diversity of citizenship and amount in controversy) have been met.  If any questions arise as to the propriety of the removal of

this action, Speedway respectfully requests the opportunity to present briefing, argument, and further evidence necessary to support its position that this case is removable.

19.     In removing this action, Speedway specifically reserves all of its defenses including, without limitation, all defenses specified in Rule 12(b) of the Federal Rules of Civil Procedure.

WHEREFORE, Petitioner prays the instant action designated in the Philadelphia County Court of Common Pleas, January Term, 2018, No. 00261 be removed from the State Court in the Commonwealth of Pennsylvania to this Court for trial and determination.

Respectfully submitted,

**LAW OFFICES OF CULLEN AND CONWELL, LLC**

By:     _____

MICHAEL T. DROOGAN, JR., ESQ.
Attorney for Defendants
Speedway LLC (incorrectly identified as
Speedway, LLC and Speedway #6772) (and as
successor by merger with Hess Retail
Operations, LLC and Hess Retail Stores, LLC)

Date:   February 14, 2018

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MARITZA ORENGO and EDWIN ORENGO | : |
| | : |
| v. | : |
| | : No. |
| SPEEDWAY LLC, SPEEDWAY #6772, HESS | : |
| RETAIL STORES LLC, and HESS RETAIL | : |
| OPERATIONS LLC | : |

## CERTIFICATE OF SERVICE

I, Michael T. Droogan, Jr., Esquire, do hereby certify that a true and correct copy of Defendant's

Notice of Removal pursuant to 28 U.S.C. §§ 1332 and 1441 was served via e-mail, on this 14th day of

February 2018, upon the following:

Michael P. Malvey, Esquire
**GALFAND BERGER LLP**
1835 Market Street, Suite 2710
Philadelphia, PA 19103

*FILED*
*FEB 14 2018*
*By KATE BARKMAN, Clerk*
*Dep. Clerk*

**LAW OFFICES OF CULLEN AND CONWELL, LLC**

By: _____
MICHAEL T. DROOGAN, JR., ESQ.
Attorney for Defendants
Speedway LLC (incorrectly identified as Speedway,
LLC and Speedway #6772) (and as successor by
merger with Hess Retail Operations, LLC and Hess
Retail Stores, LLC)

# EXHIBIT A

# EXHIBIT A

## Court of Common Pleas of Philadelphia County
### Trial Division
# Civil Cover Sheet

**For Prothonotary Use Only (Docket Number)**

**JANUARY 2018**

E-Filing Number: 1801006339

**000261**

| | |
|---|---|
| **PLAINTIFF'S NAME**<br>MARITZA ORENGO | **DEFENDANT'S NAME**<br>SPEEDWAY, LLC |
| **PLAINTIFF'S ADDRESS**<br>3606 WYOMING RIDE SOUTH<br>SINKING SPRING PA 19608 | **DEFENDANT'S ADDRESS**<br>500 SPEEDWAY DRIVE<br>ENON OH 45323 |
| **PLAINTIFF'S NAME**<br>EDWIN ORENGO | **DEFENDANT'S NAME**<br>SPEEDWAY #6772 |
| **PLAINTIFF'S ADDRESS**<br>3606 WYOIMING RIDE SOUTH<br>SINKING SPRING PA 19608 | **DEFENDANT'S ADDRESS**<br>154 SHILLINGTON ROAD<br>SINKING SPRING PA 19608 |
| **PLAINTIFF'S NAME** | **DEFENDANT'S NAME**<br>HESS RETAIL STORES, LLC |
| **PLAINTIFF'S ADDRESS** | **DEFENDANT'S ADDRESS**<br>154 SHILLINGTON ROAD<br>SINKING SPRING PA 19608 |

| TOTAL NUMBER OF PLAINTIFFS | TOTAL NUMBER OF DEFENDANTS | COMMENCEMENT OF ACTION |
|---|---|---|
| 2 | 4 | ☒ Complaint   ☐ Petition Action   ☐ Notice of Appeal<br>☐ Writ of Summons   ☐ Transfer From Other Jurisdictions |

| AMOUNT IN CONTROVERSY | COURT PROGRAMS | | | |
|---|---|---|---|---|
| ☐ $50,000.00 or less<br>☒ More than $50,000.00 | ☐ Arbitration<br>☒ Jury<br>☐ Non-Jury<br>☐ Other: | ☐ Mass Tort<br>☐ Savings Action<br>☐ Petition | ☐ Commerce<br>☐ Minor Court Appeal<br>☐ Statutory Appeals | ☐ Settlement<br>☐ Minors<br>☐ W/D/Survival |

**CASE TYPE AND CODE**

2S – PREMISES LIABILITY, SLIP/FALL

**STATUTORY BASIS FOR CAUSE OF ACTION**

**RELATED PENDING CASES (LIST BY CASE CAPTION AND DOCKET NUMBER)**

**FILED**
**PRO PROTHY**

JAN 03 2018

**C. MILLER**

**IS CASE SUBJECT TO COORDINATION ORDER?**
YES      NO

TO THE PROTHONOTARY:

Kindly enter my appearance on behalf of Plaintiff/Petitioner/Appellant: MARITZA ORENGO , EDWIN ORENGO

Papers may be served at the address set forth below.

| NAME OF PLAINTIFF'S/PETITIONER'S/APPELLANT'S ATTORNEY<br>MICHAEL MALVEY | ADDRESS<br>GALFAND BERGER LLP<br>1835 MARKET STREET |
|---|---|
| **PHONE NUMBER**<br>(215) 665-1600 | **FAX NUMBER**<br>(215) 564-2262 | SUITE 2710<br>PHILADELPHIA PA 19103 |
| **SUPREME COURT IDENTIFICATION NO.**<br>89186 | **E-MAIL ADDRESS**<br>mmalvey@galfandberger.com |
| **SIGNATURE OF FILING ATTORNEY OR PARTY**<br>*MICHAEL MALVEY* | **DATE SUBMITTED**<br>Wednesday, January 03, 2018, 04:28 pm |

FINAL COPY (Approved by the Prothonotary Clerk)

**COMPLETE LIST OF DEFENDANTS:**

1. SPEEDWAY, LLC
     500 SPEEDWAY DRIVE
     ENON OH 45323
2. SPEEDWAY #6772
     154 SHILLINGTON ROAD
     SINKING SPRING PA 19608
3. HESS RETAIL STORES, LLC
     154 SHILLINGTON ROAD
     SINKING SPRING PA 19608
4. HESS RETAIL OPERATIONS, LLC
     154 SHILLINGTON ROAD
     SINKING SPRING PA 19608

GALFAND BERGER L.L.P.
By: Michael P. Malvey, Esquire
Identification No. 89186
By: Farhan S. Ali, Esquire
Identification No. 323218
1835 Market Street, Suite 2710
Philadelphia, Pennsylvania 19103
(215) 665-1600
mmalvey@galfandberger.com



**NOTICE TO PLEAD**

TO: All Defendants
You are hereby notified to file a written response to the
enclosed Complaint within twenty (20) days from the
service hereof or a judgment may be entered against you.

**Attorneys for Plaintiffs**

Attorneys for Plaintiffs

---

MARITZA ORENGO
and
EDWIN ORENGO, w/h
3606 Wyoming Ride South,
Sinking Spring, PA 19608

      Plaintiffs

      v.

SPEEDWAY LLC
500 Speedway Drive,
Enon, OH 45323
      and
SPEEDWAY #6772
154 Shillington Road,
Sinking Spring, PA 19608
      and
HESS RETAIL STORES LLC
154 Shillington Road,
Sinking Spring, PA 19608
      and
HESS RETAIL OPERATIONS LLC
154 Shillington Road,
Sinking Spring, PA 19608

      Defendants

IN THE COURT OF COMMON PLEAS
PHILADELPHIA COUNTY
CIVIL TRIAL DIVISION

**TERM**

NO:

**THIS IS NOT AN ARBITRATION CASE.
AN ASSESMENT OF DAMAGES
HEARING IS REQUIRED.**

**JURY TRIAL DEMANDED.**

---

### NOTICE

You have been sued in Court. If you wish to defend against the claims set forth in the following pages, you must take action within twenty (20) days after this Complaint and Notice are served by entering a written appearance personally or by an attorney and filing in writing with the Court your defenses or objections to the claims set forth against you. You are warned that if you fail to do so the case may proceed without you and a judgment may be entered against you by the Court without further notice for any money claimed in the Complaint or for any other claim or relief requested by the Plaintiff. You may lose money or property or other rights important to you.

YOU SHOULD TAKE THIS PAPER TO YOUR LAWYER AT ONCE. IF YOU DO NOT HAVE A
LAWYER OR CANNOT AFFORD ONE, GO TO OR TELEPHONE THE OFFICE SET FORTH
BELOW TO FIND OUT WHERE YOU CAN GET LEGAL HELP.

PHILADELPHIA BAR ASSOCIATION
Lawyer Referral and Information Service
1101 Market Street, 11th Floor
Philadelphia, Pennsylvania 19107
(215) 238-6300

## AVISO

Le han demandado en la corte. Si usted quiere defenderse de estas demandas expuestas en las paginas
siguientes, usted tiene veinte (20) dias de plazo de la demanda y notificacion para asentar una
comparesencia escrita en persona o por su abogado y archivar con la corte en forma escrita sus defensas o
sus objeciones a las demandas en contra de su persona. Sea avisado que si usted no se defiende, la corte
puede continuar la demanda en contra suya y puede entrar una decision contra usted sin aviso o
notificacion adicional por la cantidad de dinero de la demanda o por cualquier reclamacion hecha por el
demandante. Usted puede perder dinero o propiedad u otros derechos importantes para usted.

USTED DEBE DE LLEVAR ESTA DEMANDA A UN ABOGADO INMEDIATAMENTE. SI NO
TIENE ABOGADO O SI NO TIENE EL DINERO SUFICIENTE PARA PAGAR TAL SERVICIO,
VAYA EN PERSONA O LLAME POR TELEFONO A LA OFICINA CUYA DIRECCION SE
ENCUENTRA ESCRITO ABAJO PARA AVERIGUAR DONDE SE PUEDE CONSEGUIR
ASISTENCIA LEGAL.

ASSOCIACION DE ABOGADOS DE FILADELFIA
Servicio De Referencia E Informacion Legal
1101 Market Street, 11th Floor
Filadelfia, Pennsylvania 19107
(215) 238-6300

Case ID: 18010026

## COMPLAINT

1.     Plaintiffs Maritza Orengo and Edwin Orengo are adult residents and citizens of the Commonwealth of Pennsylvania, residing therein at 3606 Wyoming Ride South, Sinking Spring, PA 19608.

2.     Defendant Speedway LLC is an Ohio corporation or other business entity, with its principal place of business at 500 Speedway Drive, Enon, OH 45323.

3.     Defendant Speedway #6772 is a Pennsylvania corporation or other business entity, with its principal place of business at 154 Shillington Road, Sinking Spring, PA 19608.

4.     Defendant Hess Retail Stores LLC is a Pennsylvania corporation or other business entity, with its principal place of business at 154 Shillington Road, Sinking Spring, PA 19608.

5.     Defendant Hess Retail Operations LLC is a Pennsylvania corporation or other business entity, with its principal place of business at 154 Shillington Road, Sinking Spring, PA 19608.

6.     Defendants Speedway LLC, Speedway #6772, Hess Retail Stores LLC, and Hess Retail Operations LLC may hereinafter be referred to, individually and collectively, as the Speedway Defendants in this Complaint.

7.     At all times material herein, the Speedway Defendants owned and operated numerous gas stations within Philadelphia County, solicited customers via advertisements in Philadelphia, and were conducting business on a routine basis in the Philadelphia area and deriving compensation therefrom.

8.     At all times relevant hereto, Defendants owned, controlled, operated, serviced, and/or maintained a gas station located at 154 Shillington Road, Sinking Spring, PA 19608.

3

9.      All events referred herein occurred on or about January 31, 2016 on real estate owned, possessed, and maintained by Defendants.

10.     At all times relevant hereto, Plaintiff Maritza Orengo was on the premises of Defendants as a business invitee, visiting the gas station to pump gas into her car.

11.     At all times relevant hereto, Plaintiff Maritza Orengo was on Defendants' premises in furtherance of Defendants' business activities.

12.     At all times relevant hereto, Defendants invited business invitees, such as Plaintiff Maritza Orengo, to pump gas at their gas pumps, walk through the gas station, and visit the store located on the premises.

13.     The weather on January 31, 2016 was clear and dry, and the most recent snowfall or other precipitation was several days prior.

14.     Upon information and belief, the temperature on January 31, 2016 at or around the time when the events giving rise to this matter took place, was below freezing.

15.     Upon information and belief, while Plaintiff Maritza Orengo was present at Defendants' gas station on January 31, 2016, Defendants allowed ice that had previously formed to remain on the ground in the parking lot.

16.     For an unreasonable period of time prior to and including January 31, 2016, Defendants allowed ice to remain on the ground in the publicly accessible areas at the gas station, which created a hazardous walking surface for anyone walking in between the gas pumps at Defendants' premises.

17.     At all relevant times hereto, Defendants were responsible for keeping the premises free of defective and dangerous conditions.

4

18.     At all times relevant hereto, no other known person or entity but Defendants were responsible for the inspection, maintenance, and removal of ice at the gas station as well as salting, cindering, and placing other anti-freeze chemicals at the gas station to prevent water from freezing.

19.     On January 31, 2016, at approximately 9:33 a.m., Plaintiff Maritza Orengo had completed filling her car with gas and began walking towards the store to get a receipt for the gas she had purchased, which did not print at the pump.

20.     While Plaintiff Maritza Orengo was walking in between two sets of gas pumps, she slipped on ice that was permitted to remain on the gas station surface for an unreasonable length of time and violently fell to the ground striking her left knee, lower back, and buttocks causing serious, disabling, and permanent personal injuries described herein.

21.     Prior to the time Plaintiff Maritza Orengo walked in between the two gas pumps, Defendants had ample time and opportunity to remove or treat the ice at the gas station.

22.     Alternatively, Defendants had ample time prior to Plaintiff Maritza Orengo's arrival at the gas station to place a sign, cone or other warning over the patch of ice to warn invitees, such as Plaintiff, not to walk in the area where her fall occurred.

23.     At all times relevant hereto, Defendants expected, knew or should have known that business invitees, such as Plaintiff Maritza Orengo, would walk in between the gas pumps to access the store on the premises.

24.     At all times relevant hereto, Plaintiff Maritza Orengo was proceeding cautiously and was using due care for her own safety under the circumstances.

5

25.     Defendants should have inspected and maintained the aforementioned premises in a reasonably safe condition and warned persons on its premises, especially Plaintiff Maritza Orengo, of the existence of any hazardous conditions, particularly the ice that had formed.

26.     Defendants knew or should have known for a long time prior to the day of accident that the gas station was in an unsafe condition and that ice had formed and created an unreasonable risk of harm to persons walking around the gas station.

27.     Defendants were aware that business invitees visiting the gas station, such as Plaintiff Maritza Orengo, would walk in between the gas pumps to access the store on the premises but yet still allowed the ice to remain in the subject gas station untreated for an unreasonable length of time prior to Plaintiff Maritza Orengo's fall.

28.     Defendants knew or should have known that pedestrians walking through the gas station would have their attention diverted to vehicles that would be driving through the area, and would not have the opportunity to observe ice that was allowed to remain on the ground.

29.     Defendants undertook the responsibility to plow, cinder, and salt the parking lot area where Plaintiff Maritza Orengo fell.

30.     Defendants failed to properly and timely de-ice and apply salt and cinder to the gas station where Plaintiff's fall occurred, despite having a reasonable amount of time to do so prior to the fall.

31.     The dangerous accumulation of ice, which was permitted to form in Defendants' gas station, could have been discovered upon minimal inspection by Defendants and salted, cindered, and/or removed with little cost.

32.     Defendants' negligence as described within this Complaint was the direct factual cause of Plaintiff Maritza Orengo's injury and resulting losses.

33.     As a result of Defendants' negligence, Plaintiff Maritza Orengo sustained
disabling, painful, and permanent personal injuries including but not limited to:

     a.   Physical injuries to her body, including serious injuries to her left knee, lower
back and buttocks, including an acute comminuted fracture of the distal lateral
metaphyseal region of the left femur; hairline fracture above the knee;
aggravation and new injury to left knee and prior total knee replacement; bulging
of the disc at L5-S1; left posterolateral herniation of the L4-L5; pain and
discomfort to the lower back; pain and discomfort to the left lateral hip, loss of
strength, loss of motion and other injuries to her body, the full extent of which are
not yet known, some or all of which may be permanent in nature;

     b.   Great pain, suffering, and loss of enjoyment of life's pleasures, past and future,
emotional upset, mental anguish, humiliation, embarrassment, and loss of well-
being;

     c.   Hospital, medical and rehabilitative expenses, past and future; and

     d.   Loss of earnings and earning capacity, past and future.

## COUNT I – NEGLIGENCE
## PLAINTIFFS v. ALL DEFENDANTS

34.     Plaintiffs incorporate by reference the preceding paragraphs as though set forth at
length herein.

35.     The negligence and carelessness of Defendants consisted of the following acts
and omissions:

     a.   Failing to treat and/or remove ice which had formed upon the subject gas
station;

     b.   Failing to properly maintain the gas station and keep it in a safe condition;

7

c.      Failing to properly service and keep its property in good repair;

d.      Failing to warn others, particularly Plaintiff Maritza Orengo, of the dangerous ice that developed in the gas station;

e.      Allowing ice to develop and remain in the gas station for an unreasonable length of time;

f.      Allowing ice to develop as a result of Defendants' failure to properly and sufficiently plow, shovel, de-ice, salt and cinder the gas station;

g.      Failing to properly apply de-icing materials at the premises and gas station;

h.      Failing to provide visual warning signs, cones or other devices to alert pedestrians walking through the gas station to the existence of a dangerous walking condition;

i.      Failing to place a physical barrier over or near the ice so as to prevent Plaintiff Maritza Orengo's fall and injuries;

j.      Failing to prevent the formation of ice in the gas station;

k.      Failing to establish, maintain, and enforce ice removal policies and procedures;

l.      Allowing ice to develop of dangerous size and quality so as to create an unreasonable risk of harm to others, especially Plaintiff Maritza Orengo;

m.      Failing to regularly inspect the gas station;

n.      Failing to exercise the proper and adequate care necessary due to inclement conditions that had resulted in the formation of ice at the gas station;

o.      Failing to keep the ice from becoming a dangerous and unreasonable risk of harm to others, especially Plaintiff Maritza Orengo;

p.      Failing to recognize the dangerous accumulation of ice in the gas station;

q.      Permitting a dangerous condition to exist by failing to pre-treat the gas station with de-icing agents, salt and cinder in advance of the unfavorable weather forecast;

8

  r.  Permitting a dangerous condition to develop and exist (accumulation of ice) by not attempting to place salt, cinder, and de-icing agents on the gas station the afternoon and evening of Plaintiff Maritza Orengo's accident.

WHEREFORE, Plaintiffs demand judgment against all Defendants, jointly and severally, in an amount in excess of Fifty Thousand ($50,000.00) Dollars, plus costs, interest, and such other relief that the Court deems just and proper.

### COUNT II – LOSS OF CONSORTIUM
### PLAINTIFF EDWIN ORENGO v. ALL DEFENDANTS

36. Plaintiffs incorporate by reference the preceding paragraphs as though set forth at length herein.

37. On January 31, 2016, Plaintiff Edwin Orengo was married to Plaintiff Maritza Orengo.

38. In the event that Plaintiff Maritza Orengo prevails on any of her causes of action against the Defendants, Plaintiff Edwin Orengo is entitled to be compensated for his loss of consortium as a result of Plaintiff's accident and injuries.

39. As a direct result of Plaintiff Maritza Orengo's accident and injuries, Plaintiff Edwin Orengo sustained a loss of the services, society, and conjugal fellowship of his wife.

Case ID: 18010026

WHEREFORE, Plaintiffs demand judgment against all Defendants, jointly and severally, in an amount in excess of Fifty Thousand ($50,000.00) Dollars, plus costs, interest, and such other relief that the Court deems just and proper.

Respectfully Submitted,

GALFAND BERGER, LLP

By:

MICHAEL P. MALVEY, ESQUIRE
FARHAN S. ALI, ESQUIRE
Attorneys for Plaintiffs

Dated: 1/3/18

10

## VERIFICATION

The undersigned, having read the attached pleading, verifies that the within pleading is based on information furnished to counsel, which information has been gathered by counsel in the course of this lawsuit. The language of the pleading is that of counsel and not of signer. Signer verifies that he has read the within pleading and that it is true and correct to the best of signer's knowledge, information and belief. To the extent that the contents of the pleading are that of counsel, verifier has relied upon counsel in taking this verification. This verification is made subject to the penalties of 18 Pa. R.C.P.§4904 relating to unsworn falsification to authorities.

Maritza Orengo

Edwin Orengo

Case ID: 180100261

